IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ, | § | |
| TCDJ No. 1827524 | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 2:15-CV-423 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. [1] | § | |

## RESPONDENT STEPHENS'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

Through a petition for writ of habeas corpus, Texas state prisoner, Roberto Perez, ("Perez"), challenges his pleas of guilty and convictions for possession of cocaine and possession of heroin. However, the petition should be denied because Perez fails to establish that the state court's rejection of his claims was objectively unreasonable.

## JURISDICTION

This Court has jurisdiction over the subject matter and the parties because Perez's county of conviction is Nueces County, Texas, within this court's jurisdiction at the time of filing his petition. 28 U.S.C. § 124(b)(6); *see* 28 U.S.C. § 2241(d); D.E. 1 at 2.

---

[1] For purposes of clarity, Respondent William Stephens will be referred to as "the Director."

## PETITIONER'S ALLEGATIONS

The Director understands Perez to allege the following grounds for relief:

1.    The trial court erred by not granting his motion to suppress evidence;

2.    Trial counsel was ineffective for failing to conduct an adequate pre-trial investigation;

3.    Trial counsel was ineffective for failing to have command of the law; and

4.    Trial counsel was ineffective for failing to preserve the appellate record by making proper objections.

D.E. 1 at 6–7.

## GENERAL DENIAL

The Director denies all of Petitioner's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Petitioner—including, without limitation, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

The Director has lawful custody of Perez pursuant to the judgment and sentence of the 117th District Court of Nueces County, Texas, in cause number 12-CR-0909-B(S1), styled *The State of Texas v. Roberto Perez.* D.E. 8–7 at 64–65; D.E. 8–11 at 115–116. In a two count indictment, Perez was charged with possession of cocaine, and possession of heroin, with one enhancement paragraph alleging a prior conviction for burglary of a

habitation, and a prior conviction for aggravated assault on a public servant. D.E. 8–7 at 3–6; D.E. 8–11 at 80–83. After Perez was admonished and entered his written judicial confession and stipulation, the trial court accepted Perez's pleas of guilty, and plea of true to the enhancement paragraph. D.E. 8–11 at 84–85 (judicial confession); D.E. 8–6 at 54–59 (oral admonishments and guilty pleas), 59–60 (plea on enhancement). On November 30, 2012, the trial court sentenced Perez to twenty-five years' imprisonment for possession of cocaine, and fifteen years' imprisonment for possession of heroin, to run concurrently. D.E. 8–6 at 109; D.E. 8–7 at 64–65; D.E. 8–11 at 115–116.

On November 21, 2013, the Thirteenth Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion. *Perez v. State*, No. 13–13–00017–CR, 2013 WL 6175328, *5 (Tex. App.–Corpus Christi 2013, pet. ref'd). D.E. 8–3 (copy of appellate opinion). The Texas Court of Criminal Appeals ("CCA") subsequently refused his petition for discretionary review on March 19, 2014. *Perez v. State*, No. PD–1726–13 (Tex. Crim. App. 2014).

Perez filed an application for state writ of habeas corpus challenging his conviction on April 11, 2015. D.E. 8–11 at 18. On September 16, 2015, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court, without a hearing. D.E. 8–8. Perez filed his federal petition on September 28, 2015, and this proceeding followed. D.E. 1 at 10.

## STATE COURT RECORDS

Records of Perez's state habeas proceedings were filed with this Court on December 4, 2015. D.E. 8. A copy of the records will not be forwarded to Petitioner. *See Sixta v. Thaler*, 615 F.3d 569, 573 (5th Cir. 2010) (Respondent is not required to serve Petitioner with a copy of the state court records).

## LIMITATIONS/EXHAUSTION/SUCCESSIVE PETITION

The Director does not allege that Perez's petition is barred by successiveness, the statute of limitations, or a failure to exhaust state court remedies. 28 U.S.C. §§2244(b) (d), 2254(b), (c). However, the Director reserves the exhaustion and procedural default defenses should Perez or this Court disagree with the Director's construction of the claims presented, or should Perez amend or supplement his petition.

## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### I.    Standard of Review

Since Perez's petition was filed on September 28, 2015, it is governed by the standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C.A. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).

Under 28 U.S.C. § 2254(d), a federal court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the relevant constitutional claim by the state court, (1) "'was contrary to' federal law then clearly established in the holdings of" the

Supreme Court; or (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent; or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *(Terry) Williams v. Taylor,* 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d). The Supreme Court has explained that a state court decision is "contrary" to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent, yet reaches an opposite result. *Williams*, 529 U.S. at 405–06.

A "run-of-the-mill" state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *Williams*, 529 U.S. at 406. To this end, a state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. And as the Supreme Court recently described this deferential standard, in order to determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . *could have supported*, the state court's decision; and then it must ask *whether it is possible fairminded jurists could disagree that those arguments* or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 131 S. Ct. at 786 (emphasis added). Indeed, this is the "only question that matters under § 2254(d)(1)." *Id.*

Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Richter,* 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woodford v. Visciotti,* 537 U.S. 19, 27 (2002) (federal habeas relief is only merited where the state-court decision is both incorrect and objectively unreasonable, "whether or not [this Court] would reach the same conclusion"). Moreover, "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Alvarado,* 541 U.S. at 664. This is particularly true when reviewing a state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), which when analyzed in conjunction with § 2254(d), creates a difficult to surmount, "doubly" deferential assumption in favor of the state court denial. *Richter*, 131 S. Ct. at 786.

"It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter,* 131 S. Ct. at 786.

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against *extreme malfunctions* in the state criminal justice systems," *not a substitute for ordinary error correction through appeal.*

*Id.* (emphasis added) (internal citations omitted).

Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, and not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *Santellan v. Cockrell,* 271 F.3d 190, 193 (5th Cir. 2001); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) (". . . we review only the state court's decision, not its reasoning or written opinion . . . ."). Indeed, state courts are presumed to know and follow the law." *Visciotti*, 537 U.S. at 24. And, even where the state court fails to cite to applicable Supreme Court precedent or is unaware of such precedent, AEDPA's deferential standard of review nevertheless applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Richter*, 131 S. Ct. at 786.

If the Supreme Court has not "broken sufficient legal ground to establish [a] . . . constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar" under either the contrary to or unreasonable application standard. *Williams*, 529 U.S. at 381. Stated differently:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S.Ct. at 786–87. And a federal court must be wary of circumstances in which it must "extend a [legal] rationale" of the Supreme

7

Court "before it can apply to the facts at hand . . ." because such a process suggests the proposed rule is not clearly established. *Alvarado,* 541 U.S. at 666.

AEDPA also provides that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Finally, in federal habeas cases, the summary judgment burdens must be viewed under the deferential scheme of the AEDPA. While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless a habeas petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, they must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.2002), *overruled on other grounds,*

*Tennard v. Dretke,* 542 U.S. 274 (2004). Here, the Director is entitled to judgment as a matter of law.

## II.  Perez's Guilty Pleas Were Entered Voluntarily and Knowingly.

As a preliminary matter, before addressing his ineffective assistance of trial counsel claims, the voluntariness of Perez's pleas should be addressed.[2] Here, the record clearly indicates that Perez's pleas were knowing and voluntary.

Any challenge to a conviction that was obtained by a guilty plea is limited to issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985); *Diaz v. Martin,* 718 F.2d 1372, 1376-77 (5th Cir. 1983) ("a plea of guilty is more than a confession of having acted culpably, it is itself a conviction.") (citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)); *see Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'") (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

Here, Perez fails to demonstrate his pleas were involuntarily and unknowingly entered. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995) ("A federal court will uphold a guilty plea challenged in a habeas corpus

---

[2]  It should be noted that Perez has not alleged a separate claim that his guilty pleas were involuntary or unknowingly made as he does not contend that he did not understand the charges against him or the consequences of his guilty pleas. *See* D.E. 1 at 6–7. *Diaz v. Martin*, 718 F.2d 1372, 1376–77 (5th Cir. 1983). Therefore, his pleas were voluntary. Furthermore, the Director does not waive the exhaustion defense by addressing the claim in the alternative.

proceeding if the plea was knowing, voluntary and intelligent."). The *James* Court explains:

> The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."

*Id.* at 666 (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)).

A guilty plea is not involuntary or unintelligent because the defendant is not informed of all the possible collateral consequences flowing from the conviction. *See, e.g., Johnson v. Puckett*, 930 F.2d 445, 448 (5th Cir. 1991); *see also LeBlanc v. Henderson*, 478 F.2d 481, 483 (5th Cir. 1973) (the trial judge is not required to inform a defendant of parole eligibility). Rather, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant understand the maximum prison term and fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). Further, a plea of guilty is not involuntary solely because a defendant pleads guilty out of a desire to limit the possible penalty. *North Carolina v. Alford*, 400 U.S. at 25; *see United States v. Rodriguez-De Maya*, 674 F.2d 1122, 1127 (5th Cir. 1984) (while a guilty plea must be voluntary, the inducement to plead guilty based on a plea bargain does not render the plea involuntary).

Furthermore, when a defendant affirmatively indicates at the plea hearing that he understands the proceeding's nature and is pleading guilty because the allegations in the indictment are true, not because of any outside

pressure or influence, he has a heavy burden to prove that his plea was involuntary. *See United States v. Diaz*, 733 F.2d 371, 373–74 (5th Cir. 1984).

In the instant case, the court fully admonished Perez in open court of the range of punishment for both offenses, stating, "And in your discussions have you been made to understand that count 1 is a [*sic*] punishable from 25 to 99 years and count 2 is punishable from 2 to 20 years in the penitentiary?" D.E. 8–6 at 55. Perez answered in the affirmative. *Id*. Perez also affirmed that he was not pressured into pleading guilty. *Id* at 59.

After being carefully admonished, Perez still chose to plea guilty to possession of cocaine, as indicated by his signature following his "Judicial Confession and Stipulation" stating, in part,

> On this day in open court, I, ROBERTO PEREZ, waive my right against self-incrimination and hereby judicially confess that: . . . On MARCH 22, 2012, in Nueces County, Texas, did then and there intentionally or knowingly possess a controlled substance, namely, COCAINE, in an amount of one gram or more but less than four grams.

D.E. 8–7 at 33; D.E. 8–11 at 84. Thus, there is absolutely no evidence of coercion, duress, or inducement. *Id*.

Additionally, after being carefully admonished, Perez still chose to plea guilty to possession of heroin, as indicated by his signature following his "Judicial Confession and Stipulation" stating,

> On this day in open court, I, ROBERTO PEREZ, waive my right against self-incrimination and hereby judicially confess that: . . . On MARCH 22, 2012, in Nueces County, Texas, did then and there intentionally or knowingly possess a controlled substance, namely, HEROIN, in an amount of less than one gram.

D.E. 8–7 at 33; D.E. 8–11 at 84. Perez also clearly signed the "Defendant's Statement Understanding Admonishments" and the "Defendant's Waiver of Rights." D.E. 8–7 at 24–27. Thus, there is absolutely no evidence of an involuntary plea. *Id.*

As the Supreme Court noted in *Blackledge v. Allison*, a petitioner must vault the formidable barrier that "solemn declarations in open court carry a strong presumption of verity." 431 U.S. 63, 74 (1977). Importantly, court documents— including the judgment and clerk's record—are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and the Court should accord great evidentiary weight to said instruments. *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *Hobbs v. Blackburn*, 752 F. 2d 1079, 1081-82 (5th Cir. 1985). Perez has the burden to rebut the presumption of regularity accorded these records. 28 U.S.C. § 2254(e)(1); *see Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986) ("in a habeas proceeding, the petitioner has the burden of proving that he is entitled to relief."). Petitioner has made no attempt at rebutting these solemn declarations, and his pleas are thus voluntary and knowing.

## III.    Perez's Claim 1 Is Barred and Waived by His Guilty Pleas.

Perez complains that the trial court erred by denying his motion to suppress evidence based on an illegal search and seizure. D.E. 1 at 6. However, this claim is barred from federal habeas review and Perez waived this claim by pleading guilty and thus, it should be denied.

In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Court held that federal courts have no authority to review a state court's application of Fourth

Amendment principles in habeas corpus proceedings unless the petitioner was denied a full and fair opportunity to litigate his claims in state court. *Id.* Perez had the opportunity to challenge the denial of the motion to suppress evidence prior to his guilty plea. *See* Tex. Code Crim. Proc. Ann. Arts. 1.05, 18.01–.02, 18.03–.04, 18.06–.11, 18.12–.14, and 38.23; D.E. 8–6 at 7–50. Because Perez was not foreclosed from litigating his claim in state court, this court may not review the claim in this proceeding.

Furthermore, by entering a guilty plea, a defendant waives all non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Any challenge to a conviction obtained by a guilty plea is limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill*, 474 U.S. at 56–57; *Diaz*, 718 F.2d at 1376−77. A plea of guilty is more than a mere confession; it is "an admission that [the defendant] committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989); *Taylor v. Whitley*, 933 F.2d at 327 (citing *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)). "A plea of guilty and the ensuing conviction encompass all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce*, 488 U.S. at 569.

Here, Perez's claim of trial court error is not jurisdictional in nature, and his valid guilty pleas bar federal habeas review of such claim. *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (noting long-standing rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging

antecedent violations of constitutional rights); *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995).

Finally, Perez has failed to meet his burden under AEDPA in failing to demonstrate the state court's rejection of his claim was contrary to or involved the unreasonable application of federal law. *See* 28 U.S.C. § 2254(e), (d). Thus, Perez's claim must be denied.

## IV. Perez Received Effective Assistance of Trial Counsel (Claims 2, 3 and 4).

Perez complains that his trial counsel, Gabriel Salais, was ineffective for failing to conduct an adequate pre-trial investigation (Claim 2), for failing to have command of controlling law (Claim 3), and for failing to observe the appellate record by making proper objections during the motion to suppress (Claim 4). D.E. 1 at 6–7. These claims are waived by his guilty pleas, and alternatively, are without merit, and thus, must be denied.

### A. Standard of Review

A defendant waives his right to challenge the effectiveness of his counsel except as the alleged ineffectiveness relates to the voluntariness of his guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A petitioner who wishes to demonstrate ineffective assistance of counsel must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 687; *Hill*, 474 U.S. at 57-58 (*Strickland* applies to cases involving guilty pleas). In order to satisfy the "prejudice" requirement in a guilty plea context, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial." *Hill*, 474 U.S. at 59; *Armstead v. Strong*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted). The assessment of a petitioner's claim of prejudice "will depend in part on a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206 (citing *Hill*, 474 U.S. at 56–58). The petitioner may also not simply allege but must "affirmatively prove" prejudice. *Strickland*, 466 U.S. at 693.

With regard to the deficiency prong of the *Strickland/Hill* test, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. If a defendant is represented by counsel and pleads guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56, *quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970). A reviewing court need not examine the deficiency or prejudice prongs in a particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Further, when reviewing a state court's decision in relation to a petitioner's claim of ineffective assistance of counsel, the court's decision "that [the petitioner] did *not* make the *Strickland* showing" is what is subjected to AEDPA review, not whether the petitioner met the *Strickland* standard. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

### B. Perez's voluntary and knowing guilty pleas waive Claims 2, 3, and 4.

Perez complains that his trial counsel, Gabriel Salais, was ineffective for failing to conduct an adequate pre-trial investigation (Claim 2), for failing

to have command of controlling law (Claim 3), and for failing to observe the appellate record by making proper objections during the motion to suppress (Claim 4). D.E. 1 at 6–7. Because these allegations do not relate to Perez's understanding of the nature of the charges against him, or the consequence of his pleas, Perez has waived his ineffective assistance of trial counsel claims.

Because Perez's guilty pleas were voluntary, he waived allegations of ineffective assistance of counsel that occurred prior to his pleas. *See Smith v. Estelle*, 711 F.2d at 682 (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)) (guilty plea waived all claims of attorney error unrelated to the guilty plea including claims of failure to review the prosecutor's file, failure to investigate witnesses, and failure to investigate the legality of petitioner's arrest); *Taylor v. Whitley*, 933 F.2d at 327; *Richardson v. Beto*, 472 F.2d 169, 170 (5th Cir. 1973) (holding that a valid guilty plea waives all non-jurisdictional defects in prior proceedings, including deficiencies in pre-trial identification procedures). Because Perez's allegations do not relate to the voluntariness of his pleas which, as set forth above, were both knowing and voluntary, his allegations must be denied. Alternatively, these claims are without merit.

## C. Failure to Investigate (Claim 2)

Perez alleges his trial counsel was "ineffective for failing to conduct adequate pretrial investigation in order to impeach [the] officer's testimony." D.E. 1 at 6. This claim should be denied because it lacks merit.

To render effective assistance, the Sixth Amendment requires counsel "to make a reasonable investigation of defendant's case or to make a

reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691); *see Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Martin v. Maggio*, 711 F.2d 1273, 1280 (5th Cir. 1983).

With respect to counsel's duty to investigate, the Supreme Court has observed:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690–91; *see Bell v. Lynaugh*, 828 F.2d 1085, 1088 (5th Cir. 1987); *Lowenfield v. Phelps*, 817 F.2d 285, 290 (5th Cir. 1987).

The reasonableness of an attorney's investigation must be determined by considering not only the evidence already known to counsel, but also whether such evidence would lead a reasonable attorney to investigate further. *Wiggins v. Smith,* 123 S. Ct. 2527, 2538 (2003). The reasonableness of an investigation depends in large part on the information supplied by the defendant. *See Ransom*, 126 F.3d at 123; *McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989); *Mattheson v. King*, 751 F.2d 1432, 1440 (5th Cir. 1985) (in denying ineffective–assistance claim based on failure to investigate and pursue insanity defense, court noted defendant's failure to tell counsel that

he either was presently insane or so intoxicated at time of offense as to be incapable of forming requisite intent). At a minimum, counsel should interview potential witnesses and independently investigate the facts and circumstances of the case. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Nevertheless, "[d]efense counsel is not required 'to investigate everyone whose name happens to be mentioned by the defendant.'" *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (quoting *Cockrell*, 720 F.2d at 1428).

When the CCA denied this claim in Perez's state habeas application, the court adopted the findings of the state habeas court, which included:

> [Perez] alleges that counsel failed to investigate certain evidence which could have been used to attack the officer's credibility. First, [Perez] claims that, if counsel had conducted a proper investigation, he would have discovered that the officer had been suspended by his department due to a specific instance of misconduct while on duty and that, in another instance, he also had been charged with a crime. Because [Perez] has not shown that the officer was convicted of any crime, and indeed the charges were dropped due to insufficient evidence, neither of these specific instances of conduct nor any extrinsic evidence of such conduct would have been admissible to attack the officer's credibility under the Rules of Evidence. Because this information was unusable, [Perez] has not shown that he was prejudiced by counsel's alleged failure to investigate and discover this evidence. Second, [Perez] claims counsel should have called a witness whom he says would have discredited the officer by testifying that [Perez] was never inside the illegally parked car. The Court heard testimony that he was not inside the car and such evidence would have been cumulative. The testimony also would have contradicted [Perez]'s own testimony and also would have been found incredible owing to the video evidence showing him getting in the car. Finally, even if this witness testified that he was never in the car, whether or not he was ever actually in the vehicle, there were still sufficient facts articulated by the officer to justify

the detention based upon the totality of the circumstances, and the evidence was still sufficient to support the trial court's denial of [Perez]'s motion to suppress. [Perez] has failed to prove he was harmed by his counsel's alleged failure to call this witness.

D.E. 8–11 at 74–75 (Finding No. 4).

The record in this case indicates that trial counsel was familiar with the evidence and the witnesses, both for and against Perez. Perez has not overcome the strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).

Perez also fails to meet his burden to affirmatively prove his counsel's actions prejudiced him or that but for counsel's errors, the result of the proceeding would be different. *See Strickland*, 466 U.S. at 693–94. Given that Perez voluntarily, and knowingly pled guilty, he has not shown that he would have chosen to proceed to trial. Thus, Perez cannot prove that he was prejudiced by his counsel's actions. Therefore, Perez's ineffective assistance of counsel for failure to investigate claim should be denied.

## D.    Failure to Have Command of the Law (Claim 3)

Perez also complains that his trial counsel was ineffective for failing to have command of controlling law. D.E. 1 at 7. This claim should be denied because it is without merit.

Under Rule 2(c) of the Rules Governing Section 2254 cases, a petitioner is required to plead facts in support of his claims. Perez fails to do so here. Absent evidence in the record, a court cannot consider a habeas petitioner's

bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)). A mere conclusory allegation does not raise a constitutional issue in a habeas proceeding. *Id.* at 1012 (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir.)). A conclusory allegation does not state a claim for federal habeas corpus relief and is subject to summary dismissal. *See Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990). Perez provides only his own conclusory statements as proof that he is entitled to relief.

Additionally, when the CCA denied Perez's state habeas application, the court adopted the findings of the state habeas court, which included:

> [Perez] claims that counsel failed to have command of relevant controlling law holding that the totality of the circumstances would dictate whether his detention was reasonable. The Court finds that counsel attacked the totality of the circumstances and argued that they did not amount to sufficient articulable facts to support the detention, and he argued that the drugs should have been suppressed when the abandonment was solely the result of illegal police conduct. Counsel then presented the trial court with good controlling law in support of his argument all contrary to [Perez]'s allegations. Any perceived reference to pretextual stop doctrine was incidental and [Perez] has not shown any deficiency in counsel's representation. He has also failed to show prejudice because counsel argued against all of the facts articulated by the officer, and the trial court used a totality of the circumstances analysis and nevertheless found the facts articulated by the officer sufficient to merit denial of the motion to suppress.

D.E. 8–11 at 73–74 (Finding No. 2).

Perez has completely failed to prove that his attorney's representation was deficient, or that, but for his attorney's actions, he would have chosen to proceed to trial. Thus, he has failed to establish a claim of ineffective assistance of counsel, and this claim must be denied. *Hill*, 474 U.S. at 58.

### E.  Failure to Object (Claim 4)

Perez claims that his trial counsel was ineffective for failing to object to the trial court's finding that he was seen leaving an illegally parked vehicle. D.E. 1 at 7. Perez fails to meet his burden of proof. His claim should be denied.

Counsel is not required to file frivolous motions or make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989). It is settled that "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . ." *Green*, 160 F.3d at 1037 (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)); *accord McCoy*, 874 F.2d at 963. Further, the Supreme Court has noted that a petition that presents "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Perez alleges his trial counsel was ineffective for failing to object to the trial court's finding that Perez was seen leaving an illegally parked vehicle. D.E. 1 at 7. Perez provides no specific facts or law to support this claim. A mere conclusory allegation does not raise a constitutional issue in a habeas proceeding. *See Ross*, 694 F.2d at 1012 (citing *Schlang*, 691 F.2d at 798).

Further, when the CCA denied Perez's state habeas application, the court adopted the findings of the state habeas court, which included:

> [Perez] claims that counsel should have objected, at the conclusion of the suppression hearing, to the trial court's factual finding that in the video of the stop he was shown leaving the vehicle. The Court's determination that [Perez] was leaving the vehicle was based on the officer's testimony as well as reasonable inferences from the video evidence. It was well within the Court's discretion to make that determination based on what it could see in the video combined with the officer's testimony. The Court's determination of this historical fact is afforded great deference and [Perez] has shown no evidence to overcome that finding. Thus, he has failed to show that the trial court would have abused its discretion in overruling his proffered objection.

D.E. 8–11 at 74 (Finding No. 3).

Perez fails to meet his burden to prove that trial counsel was not employing sound trial strategy in this instance. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). Perez also fails to meet his burden of proof and does not demonstrate that his trial counsel was ineffective for failing to object or was in some way objectively unreasonable in his actions. This claim should be denied.

## V.  State Court Findings and Conclusions

This Court must defer to the state court determinations and deny habeas relief. Here, the Honorable Sandra L. Watts presided over Perez's guilty pleas and state habeas proceedings. D.E. 8–11 at "Clerk's Summary Sheet," 73–77 (Findings and Conclusions and Order), 84–85 (Judgment). For that reason, this Court *must* presume her findings to be correct. The trial court made credibility choices in favor of the State, and its express and explicit factual findings and credibility choices, as well as the implicit

findings that flow from the trial court's credibility choices, are presumed correct in this forum.[3] The CCA adopted the trial court's findings. D.E. at 8–8. Given the findings and conclusions, the state habeas courts' ultimate decision to deny relief on these claims cannot be shown by Perez to be objectively unreasonable. *Richter,* 131 S. Ct. at 786. "This deference requires that a federal habeas court more than simply disagree with the state court before rejecting factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." *Marshall v. Lonberger*, 459 U.S. at 432.

In closing, Perez failed to meet his burden of proof under the AEDPA. The CCA's denial of these claims was an adjudication on the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Green v. Johnson*, 116 F.3d at 1121; *Ex parte Torres*, 943 S.W.2d at 472 ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."). Perez has simply re-alleged nearly the same grounds for relief here. Since the state courts' rejection of the claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, Perez is not entitled to relief. *Richter,* 131 S. Ct. at 786.

---

[3]  28 U.S.C. §2254(e)(1); *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983) (applying presumption of correctness to implicit finding against the defendant's credibility, where that finding was necessarily part of the court's rejection of the defendant's claim); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (presumption of correctness applies to both explicit and implicit findings necessary to support a state court's conclusions of mixed law and fact); *Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992) (same).

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Perez's petition for writ of habeas corpus be denied with prejudice, and that this Court deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Lead Counsel

<u>s/ Sarah M. Harp</u>
SARAH M. HARP*
Assistant Attorney General
State Bar No. 24092488
Southern Dist. No. 2516639

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing it in the United States Mail, postage prepaid, on the 28th day of January, 2016, addressed to:

Roberto Perez
TDCJ No. 1827524
Eastham Unit
2665 Prison Road 1
Lovelady, Texas 75851

<u>s/ Sarah M. Harp</u>
SARAH M. HARP
Assistant Attorney General