United States District Court
Southern District of Texas
**ENTERED**
June 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO  PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-423 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

### I.     INTRODUCTION

Roberto Perez (Petitioner), a Texas inmate, filed this petition pursuant to 28 U.S.C. § 2254 on September 28, 2015.  (D.E. 1).  The subject of the petition is a 2012 guilty plea and subsequent conviction for possession of more than one but less than four grams of cocaine and possession of less than one gram of heroin.  (D.E. 1).  Petitioner alleges the trial court erred in denying his motion to suppress and that he received ineffective assistance of trial counsel.  (D.E. 1).

On January 28, 2016, Respondent filed a Motion for Summary Judgment.  (D.E. 11).  Petitioner filed a response on March 21, 2016.  (D.E. 14).  As discussed more fully below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's action for habeas corpus relief be **DISMISSED**.  It is further recommended a Certificate of Appealability be **DENIED**.

1 / 21

## II.     JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000); 28 U.S.C. § 124(b)(6).

## III.    BACKGROUND

Petitioner pleaded guilty to possession of more than one but less than four grams of cocaine, a third-degree felony, and possession of less than one gram of heroin, a state jail felony.  *See* Tex. Health & Safety Code Ann. § 481.115(b), (c) (West 2010).  Perez pleaded true to an enhancement paragraph alleging that he had twice been previously convicted of felonies and was sentenced to twenty-five and fifteen years' imprisonment for the respective offenses.  *See* Tex. Penal Code Ann. §§ 12.42(d), 12.425 (b) (West Supp. 2011).

Prior to pleading guilty, Petitioner filed a motion to suppress evidence.  (D.E. 8-7, Pages 16-17).  This motion was denied and, after pleading guilty, the trial court sentenced Petitioner on November 30, 2012 to serve the aforementioned sentences concurrently.  (D.E. 8-6, Page 109).  Petitioner then filed an appeal to the Court of Appeals for the Thirteenth District of Texas claiming the trial court erred in denying his motion to suppress the evidence.  On November 21, 2013, the Court of Appeals, in an unpublished opinion, affirmed the judgment of the trial court.  (D.E. 8-3, Page 10); (D.E. 8-4, Page 1).

Petitioner then filed a petition for discretionary review with the Texas Court of Criminal Appeals which was denied without a written order or hearing on March 19,

2014.  *Perez v. State*, No. PD-1726-13 (Tex. Crim. App. 2014).  Petitioner then filed a state writ of habeas corpus challenging his conviction on April 11, 2015 which was denied by the Texas Court of Criminal Appeals on September 16, 2015 without a without a written order or hearing on findings of the trial court.  (D.E. 8-8, Page 1); (D.E. 8-10, Pages 4-6); (D.E. 8-11, Pages 76-79).  Petitioner filed the pending federal writ of habeas corpus on September 28, 2015.  (D.E. 1).

## IV.    APPLICABLE LAW

### A.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").   While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, § 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule

that all disputed facts must be construed in the light most favorable to the nonmovant.

Accordingly, unless a petitioner can rebut the presumption of correctness of a state

court's factual findings by clear and convincing evidence, such findings must be accepted

as correct by the federal habeas court.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.

2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### B.     Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254

Federal habeas relief is available to a state prisoner only if he is being held in

violation of the Constitution, laws, or treaties of the United States.  *Boyd v. Scott*, 45 F.3d

876, 881 (5th Cir. 1994) (per curiam) (citation omitted).  Under AEDPA, a state prisoner

may not obtain relief with respect to any claim adjudicated on the merits in state court

proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the

state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on

a question of law or if the state court decides a case differently than the Court on a set of

materially indistinguishable facts.  Under the "unreasonable application" clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies the principle to

the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (*citing Williams*, 529 U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 562 U.S. at 101. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings . . . It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Id.* "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id.* at 101-103.  In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).  This deference extends not only to express findings of fact, but to the implicit findings of the state court. Id.  In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Harrington*, 562 U.S. at 98. "[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id.* at 100.

## V.   PETITIONER'S CLAIM THAT THE TRIAL COURT ERRED IN DENYING HIS MOTION TO SUPPRESS

Petitioner asserts the state trial court erred in denying his motion to suppress, and the Thirteenth District Court of Appeals and the Texas Court of Criminal Appeals subsequently erred in affirming the denial of the motion.  (D.E. 14, Pages 4-6).  For the reasons that follow, the undersigned recommends that Petitioner has failed to demonstrate the state court unreasonably denied his motion to suppress.  Therefore, it is recommended

Petitioner is not entitled to relief and Respondent's motion for summary judgment should be granted.

### A.    Standard of Review

A petitioner cannot challenge, under federal habeas corpus review, a trial court's ruling on the constitutionality of a search or seizure of evidence that was entered into the trial if the state court allowed "full and fair litigation of the [illegal search and seizure] claim." *Stone v. Powell*, 428 U.S. 465, 482 (1976).   Further, all findings of fact of the state court are to be presumed correct unless the defendant can show clear and convincing evidence to rebut them.  *Garcia*, 454 F.3d at 444.

### B.    Trial Court Error Claim is Barred by the Full and Fair Consideration Given to it in State Court.[1]

Here, Petitioner was given the opportunity to argue his suppression of evidence claim at both the trial and appellate level.   The trial court, having reviewed the facts, denied the motion to suppress.[2]   (D.E. 8-6, Pages 50-51).   Subsequently, on appeal, the Thirteenth Court of Appeals of Texas, which also reviewed the merits of Petitioner's claim, found that "[t]he evidence in the case, considered in the light most favorable to the court's ruling, establishes that Officer Martinez had more than a 'mere hunch or

---

[1] While the Respondent argues Petitioner's guilty plea is a complete waiver of his right to appeal, Petitioner's guilty plea was a conditional one for which the state certified an appeal.  This is evidenced by the trial court's "Written Admonishments to Defendant" where Petitioner did not sign the line which would indicate a waiver of appeal on pretrial motions taken on his behalf and by the "Trial Court's Certification of Defendant's Right of Appeal."  (D.E. 7, Pages 29, 34).   Further, the Thirteenth District Court of Appeals and the Texas Court of Criminal Appeals subsequently reviewed this issue on the merits and therefore, Petitioner made no such waiver.  (D.E. 4); (D.E. 11, Pages 62-71, 76-79; 81-82); *See Hodges v. Epps*, 648 F.3d 283, 287 (5th. Cir. 2011) (holding no procedural bar to a federal habeas corpus review where the last state court addressed the claim's merits without mentioning a procedural bar).

[2] The undersigned was unable to locate a written order denying the motion to suppress in the record. This is likely because, after the denial in open court and a brief recess, Petitioner pleaded guilty to the charge against him. (D.E. 8-6, Pages 53-62).

suspicion' that [Petitioner] had engaged or was about to engage in criminal behavior." [Citations omitted]. (D.E. 8-11, Page 70). Accordingly, the Thirteenth Court of Appeals affirmed the trial court's denial of Petitioner's motion to suppress. (D.E. 8-4, Page 1). Subsequently, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review on this issue. *Perez v. State*, No. PD-1726-13 (Tex. Crim. App. 2014). Petitioner's habeas claim regarding the denial of his motion to suppress should be denied because Petitioner has failed to establish that he was denied the full and fair litigation of his suppression claim.

Further, Petitioner has offered no clear and convincing evidence to rebut the factual findings of the trial court with regard to his motion to suppress. (D.E. 14, Pages 4-6). In finding reasonable suspicion, the trial court must rely on specific, articulable facts based on the officer's experience and personal knowledge that, when coupled with the logical inferences from those facts, would warrant the intrusion on the detainee. *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). Here, in finding the specific, articulable facts necessary for reasonable suspicion, the trial court relied on the high-crime area Petitioner was in, the testimony that Petitioner emerged from a vehicle parked illegally, Petitioner's suspicious hand-to-hand transaction with another person prior to the stop, and Petitioner's nervous attitude toward the police officer evidenced by his demeanor and his first trying to get into the stopped vehicle and then trying to waive down traffic. (D.E. 8-6, Pages 50-52). The Thirteenth Court of Appeals, in affirming the trial court's denial of the motion to suppress, relied on Texas law when finding the

vehicle's parking was a violation of traffic laws and that such violations can be grounds for a legal investigative stop.  (D.E. 8-3, Pages 9-10).

Petitioner argues that prior to the officer stopping him, the officer had not observed any actual criminal activity.  (D.E. 14, Page 5 *citing* D.E. 8-6, Page 30).  Even if this is true, as discussed above, the officer did not need to observe criminal activity, but instead, needed reasonable suspicion of present or future criminal activity.  *Terry v. Ohio*, 392 U.S. 1, 26-27 (1968).  Under § 2254, Petitioner must present evidence sufficient to demontrate that no jurist could disagree that the decision is not in accord with federal precedent or the determination was unreasonable in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Here, the state court found Petitioner was in the illegally parked vehicle and was in a high crime area along with the other suspicious circumstances mentioned above. Petitioner fails to rebut these findings. Further, Petitioner was given full and fair consideration of this claim at both the trial and appellate level.   Therefore, the undersigned respectfully recommends Petitioner's first ground for federal habeas relief is without merit.

## VI.   INEFFECTIVE ASSISTANCE OF COUNSEL[3]

Petitioner's ineffective assistance of counsel claims are all based on incidences of his trial counsel's alleged deficiencies relating to the motion to suppress.[4]   For the

---

[3] Again, although the Respondent argues Petitioner waived his rights by pleading guilty, the undersigned is not persuaded.  Holding such would give little weight to the Supreme Court decision in *Hill v. Lockhart* which provides specific requirements for challenging the effectiveness of counsel in habeas corpus review where there was a guilty plea entered by the petitioner. 474 U.S. 52, 58 (1985).
[4] As stated previously, the undersigned recommends there was full and fair consideration of Petitioner's suppression claims at the state level and Petitioner has offered no clear and convincing evidence to rebut the state court's factual findings.  However, the undersigned has further reviewed Petitioner's ineffective assistance of counsel claims, all of which relate to the motion to suppress, and recommends they are without merit.

reasons that follow, the undersigned recommends Petitioner has failed to demonstrate the state court unreasonably denied his ineffective assistance of counsel claims.  Therefore, it is recommended Petitioner is not entitled to relief and Respondent is entitled to summary judgment on these claims.

> ### A.    Standard of Review

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, both at trial and on appeal. U.S. Const. amend. VI.  To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under this two-prong test, a person who wishes to challenge the effectiveness of his counsel must show (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Id.* at 687.  For the first or "deficient performance" prong, Petitioner must show that the lawyer's performance was so poor that he was not acting as "counsel" guaranteed by the Sixth Amendment.  *Id.* at 687.  For the second or "prejudice" prong, Petitioner must show the deficiency deprived him of a fair trial. *Id.*

*Strickland* also applies to cases involving guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  However, in cases with guilty pleas, there is a different requirement to show prejudice. For the "prejudice" prong, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 59; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  Petitioner must show "significant prejudice" in a noncapital context. *Armstead*, 37 F.3d at 206 (*citing Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir. 1993)).

A defendant who enters a guilty plea waives his right to challenge the effectiveness of his counsel except with regard to the way the ineffectiveness relates to the voluntariness and intelligence of his guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (*citing Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir.1981)).

Further, Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (*citing McMann v. Richardson*, 397 U.S. 759, 771 (1970)). This *McMann* standard applies where a defendant is represented by counsel and pleads guilty and hinges on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771. Petitioner must "affirmatively prove" such prejudice rather than just allege it. *Strickland*, 466 U.S. at 693.

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Further, *Strickland* held "a court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.*

The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id.* at 690.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). *Harrington*, 562 U.S. at 101. Where the state court adjudicated an ineffective assistance claim on the merits, this Court must review petitioner's claim under both *Strickland* and § 2254(d). *Id.* When § 2254(d) applies, the question is not whether counsel's actions fell below the *Strickland* standard – it is "whether the state court's application of the *Strickland* standard was unreasonable." *Id.*

### B.    Failure to Conduct Adequate Pretrial Investigation

Petitioner argues trial counsel failed to conduct an adequate pretrial investigation. (D.E. 14, Pages 7-10). To prevail on such a claim Petitioner must show (1) trial counsel was deficient in his performance; and (2) that, but for this deficiency, Petitioner would have insisted on going to trial. *Strickland*, 466 U.S. at 687; *Hill*, 474 U.S. at 59. Petitioner asserts but for counsel's inadequate pretrial investigation, the motion to suppress would have been granted and the case would have been dismissed for lack of evidence. (D.E. 14, Page 7). As cited by Respondent, the Supreme Court has stated:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely

to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.

*Strickland*, 466 U.S. at 690-91.

The 117th Judicial District Court's findings of fact, conclusions of law, and recommendation, which were adopted by the Texas Court of Criminal Appeals, (hereinafter "the state habeas court") found as follows:

[Petitioner] alleges that counsel failed to investigate certain evidence which could have been used to attack the officer's credibility. First, [Petitioner] claims that, if counsel had conducted a proper investigation, he would have discovered that the officer had been suspended by his department due to a specific instance of misconduct while on duty and that, in another instance, he also had been charged with a crime. Because [Petitioner] has not shown that the officer was convicted of any crime, and indeed the charges were dropped due to insufficient evidence, neither of these specific instances of conduct nor any extrinsic evidence of such conduct would have been admissible to attack the officer's credibility under the Rules of Evidence. Because this information was unusable, [Petitioner] has not shown that he was prejudiced by counsel's alleged failure to investigate and discover this evidence. Second, [Petitioner] claims counsel should have called a witness whom he says would have discredited the officer by testifying that [Perez] was never inside the illegally parked car. The Court heard testimony that he was not inside the car and such evidence would have been cumulative. The testimony also would have contradicted [Petitioner's] own testimony and also would have been found incredible owing to the video evidence showing him getting in the car. Finally, even if this witness testified that he was never in the car, whether or not he was ever actually in the vehicle, there were still sufficient facts articulated by the officer to justify the detention based upon the totality of the circumstances, and the evidence

was still sufficient to support the trial court's denial of [Petitioner's] motion to suppress. [Petitioner] has failed to prove he was harmed by his counsel's alleged failure to call this witness.

(D.E. 8-8, Page 1); (D.E. 8-11, Page 76).

Therefore, the state habeas court found not only that counsel made a reasonable investigation, but that the actions Petitioner alleges his counsel should have taken either: (1) would not have been allowed under the Rules of Evidence; (2) would have been cumulative; or (3) would have been incredible.  (D.E. 8-8, Page 1); (D.E. 8-11, Page 76). Finally, the state habeas court found that even if counsel had secured the alleged witness to testify Petitioner was not in the vehicle and the testimony was found to be admissible, the officer would have still had enough articulable facts, based on the totality of the circumstances, to justify reasonable suspicion for the stop.  (D.E. 8-8, Page 1); (D.E. 8-11, Page 76).  The state habeas court did not unreasonably apply the *Strickland* standard. *Harrington*, 562 U.S. at 101. Upon review, Petitioner fails to show counsel erred or that the alleged error would have made a difference in the result of the motion to suppress.

Petitioner further alleges there is a bright line rule in the Fifth Circuit that states failing to interview an eyewitness is not reasonable trial strategy and constitutes ineffective assistance of counsel.  (D.E. 14, Pages 9-10).  Petitioner cites *Anderson v. Johnson* where the court held there was ineffective assistance of counsel based on the counsel's failure to interview any eyewitnesses.  338 F.3d 382, 393-94 (5th Cir. 2003); (D.E. 14, Page 9).  In *Anderson*, counsel relied solely on the State's findings and made no investigation of his own even though there was a relatively weak case against the

defendant.  383 F.3d at 393-94.  The *Anderson* Court held not interviewing the potential witness was likely the result of "indolence or incompetence" and not strategy.  *Id.* at 393.

Here, the state habeas court found that not interviewing the witness was a "conscious and informed decision" based on "reasonable professional judgment."  (D.E. 8-8); (D.E. 8-10, Page 4).  Further, even if counsel should arguably have interviewed this witness, Petitioner, in order to be entitled to federal habeas relief, must also demonstrate the witness's testimony, if offered, would likely have been exculpatory.  *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014).  The decision in *Anderson* was based on an affidavit from the petitioner as to the testimony of an eyewitness which showed that calling the eyewitness would have had a reasonable probability of exculpating the petitioner.  *Anderson*, 338 F.3d at 385, 393-94.

Here, Petitioner has not provided an affidavit from the potential witness, Amaya, but is only relying on the bare assertion that counsel's failure was prejudicial.  (D.E. 14, Pages 9-10).  Therefore, the state court did not unreasonably apply the *Strickland* standard. Petitioner has failed to show counsel's decision constituted a deficiency (that not investigating Amaya was the result of indolence or incompetence), or that the alleged deficiency caused prejudice (that Amaya's testimony had a reasonable probability of being exculpatory).  Accordingly, it is respectfully recommended that Petitioner's claim of ineffective assistance of counsel for failing to make a reasonable pretrial investigation does not warrant federal habeas relief.

### C.   Failure to Have Command of the Law

Petitioner next claims his trial counsel was deficient in failing to have command of the law.  To prevail on this claim, Petitioner must show: (1) trial counsel's command of the law constituted a deficiency in performance; and (2) but for this deficiency, Petitioner would have insisted on going to trial.  *Strickland*, 466 U.S. at 687; *Hill*, 474 U.S. at 59. Petitioner argues his counsel's failure to have command of the law resulted in the denial of his motion to suppress.  (D.E. 14, Pages 10-11).  Petitioner asserts he would not have had to proceed to trial had it been granted because there would have been insufficient evidence to proceed.  (D.E. 14, Pages 10-11).  The state habeas court found:

> [Petitioner] claims that counsel failed to have command of relevant controlling law holding that the totality of the circumstances would dictate whether his detention was reasonable. The Court finds that counsel attacked the totality of the circumstances and argued that they did not amount to sufficient articulable facts to support the detention, and he argued that the drugs should have been suppressed when the abandonment was solely the result of illegal police conduct. Counsel then presented the trial court with good controlling law in support of his argument all contrary to [Petitioner's] allegations. Any perceived reference to pretextual stop doctrine was incidental and [Petitioner] has not shown any deficiency in counsel's representation. He has also failed to show prejudice because counsel argued against all of the facts articulated by the officer, and the trial court used a totality of the circumstances analysis and nevertheless found the facts articulated by the officer sufficient to merit denial of the motion to suppress.

(D.E. 8-8, Page 1); (D.E. 8-11, Page 76-77).

In short, the state habeas court found that any reference to the pretextual stop doctrine by defense counsel was incidental and did not constitute a deficiency or prejudice Petitioner because counsel attacked the totality of the circumstances.

Upon review, Petitioner's counsel challenged the totality of the circumstances. (D.E. 8-6, Pages 19-39; 45-48).  Petitioner's counsel questioned and challenged every single articulable fact that the arresting officer used to support his reasonable suspicion. (D.E. 8-6, Pages 19-39; 45-48).  Therefore, counsel's performance was not deficient. Further, because counsel's performance was not below the standard set in *Strickland*, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, it is recommended that Petitioner's claim counsel failed to have command of the law does not warrant federal habeas relief.

### D.   Failure to Preserve the Appellate Record by Making Proper Objections

Petitioner's final claim of ineffective assistance of counsel is that his trial counsel failed to preserve the appellate record by objecting to the trial court's finding that he was seen leaving an illegally parked vehicle.  (D.E. 14, Pages 11-12).

As cited by Respondent, counsel is not responsible for filing frivolous motions or making frivolous objections.  (D.E. 11, Page 21); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *McCoy v. Lynaugh*, 847 F.2d 954, 963 (5th Cir. 1989).  It is established law that "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."  (D.E. 11, Page 21); *Green*, 160 F.3d at 1037 (*citing Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)).

The state habeas court found:

[Petitioner] claims that counsel should have objected, at the conclusion of the suppression hearing, to the trial court's factual finding that in the video

of the stop he was shown leaving the vehicle. The Court's determination
that [Petitioner] was leaving the vehicle was based on the officer's
testimony as well as reasonable inferences from the video evidence. It was
well within the Court's discretion to make that determination based on what
it could see in the video combined with the officer's testimony. The Court's
determination of this historical fact is afforded great deference and
[Petitioner] has shown no evidence to overcome that finding. Thus, he has
failed to show that the trial court would have abused its discretion in
overruling his proffered objection.

(D.E. 8-8, Page 1); (D.E. 8-11, Page 77).

Petitioner provides no specific facts or law to support his claim and mere
conclusory allegations are insufficient. *Ross v. Estelle*, 694 F.2d 1008, 10011-12 (5th
Cir. 1983) (*citing Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)); (D.E. 8-14, Pages
11-12). Counsel's failure to object was not a deficiency because such an objection would
have been frivolous due to the fact that, as stated previously, the court properly denied
the motion to suppress the evidence. *See Green*, 160 F.3d at 1037; *McCoy*, 847 F.2d at
963. Further, Petitioner was allowed to litigate this issue on appeal and, therefore, the
alleged error was preserved. (D.E. 8-3). Accordingly, it is recommended that
Petitioner's claim counsel failed to preserve the appellate record by making proper
objections does not warrant federal habeas relief.

## VII.   CONCLUSION

Having reviewed the record, the undersigned finds nothing unreasonable in the
state habeas courts application of clearly established federal law or its determination of
facts in light of the evidence. Accordingly, it is recommended that Respondent's motion
for summary judgment as to each of Petitioner's claims be **GRANTED**.

## VIII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").   A District Court ruling on a petitioner's relief may sua sponte rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

## IX.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 11) be **GRANTED** and Petitioner's application for habeas corpus relief (D.E. 1) be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 17th day of June, 2016.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court of the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).